UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SCOTT MITCHELL OUELLETTE,

       Plaintiff,

v.                                     CASE NO. 2:20-CV-10646
                                      HON. GERSHWIN A. DRAIN

JACKSON CO. JAIL, CAPT. VOGT,
CO. STRONG,

       Defendants.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

## **I. INTRODUCTION**

Scott Mitchell Ouellette ("Plaintiff"), who is currently incarcerated at Jackson County Jail, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on March 10, 2020. ECF No. 1. In his complaint, he alleges that he has been denied access to the courts since January 12, 2019 due to a broken kiosk in the law library. *Id.* at PageID.5. He also purports that he was verbally harassed after submitting a grievance about the broken kiosk. *Id.* Plaintiff names the Jackson County Jail, Captain Vogt, and Corrections Officer Strong as the defendants in this action. *Id.* at PageID.1. He seeks injunctive relief and monetary damages. *Id.* at PageID.9.

The Court granted Plaintiff leave to proceed without prepayment of the filing

fee for this action pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 3. For the reasons stated below, the Court finds that Plaintiff fails to state a claim upon which relief may be granted under § 1983.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (internal citations and footnote omitted).

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious; fails to state a claim upon which relief can be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### III. DISCUSSION

In this case, Plaintiff fails to state a claim upon which relief may be granted. First, his claims against the Jackson County Jail must be dismissed. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under § 1983. *See Edward v. Jail*, Case No. 2:16-CV-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-72569, 2006 WL 3298898, at *6-7 (E.D. Mich. Nov. 14, 2006); *see also Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (finding that a police department is an improper defendant in a § 1983 case); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (affirming that a sheriff's department cannot be sued under § 1983). Plaintiff's complaint against the Jackson County Jail must therefore be dismissed.

Second, Plaintiff fails to adequately state a denial of access to the courts claim

4

in his complaint. Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals; habeas corpus applications; and civil rights claims challenging the conditions of confinement. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). This right of access requires prison authorities to provide either the legal tools necessary for inmates to represent themselves or the assistance of legally-trained personnel. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (internal citations omitted).

In order to state a denial of access to the courts claim, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Examples of actual prejudice include having a non-frivolous case dismissed; being unable to file a non-frivolous complaint; and missing a court-imposed deadline. *Id.* at 353; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint[.]" *Christoper v. Harbury*, 536 U.S. 403, 415 (2002). Additionally, a plaintiff must allege that the deprivation of rights was the result of intentional conduct to state a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir.

5

2003). An allegation of negligence is insufficient to state an access to the courts claim under § 1983. *Collins v. City of Harker Heights*, 503 U.S. 115, 127-30 (1992).

Here, Plaintiff fails to allege facts which show that a non-frivolous case was dismissed; that he was precluded from filing a non-frivolous complaint; or that he missed a court-imposed deadline due to his alleged inability to access legal materials electronically through the kiosk.[1] Conclusory allegations are insufficient to state a claim under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Plaintiff thus fails to state a denial of access to the courts claim in his complaint.

Lastly, to the extent that Plaintiff alleges that one or more of the defendants violated his constitutional rights by verbally harassing or threatening him, he fails to state a claim upon which relief can be granted. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983

---

The Court denotes that Plaintiff does not indicate in his complaint whether the Jackson County Jail provides written legal materials.

claim for relief.") (internal citation omitted); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation.") (internal citation omitted). Even verbal threats to assault an inmate do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Further, verbal threats and abuse made in retaliation for filing grievances are not actionable. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). Plaintiff's allegation of verbal harassment thus fails to state a claim upon which relief may be granted under § 1983.

Accordingly, Plaintiff's complaint must therefore be dismissed.

### III. CONCLUSION

For the reasons articulated above, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. Further, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: March 18, 2020

                                       s/Gershwin A. Drain
                                       HON. GERSHWIN A. DRAIN
                                       United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
March 17, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager